Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
Daniel Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Tanya G. Beard (Utah State Bar No. 9106)
beardt@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-5262

FILED
U.S. DISTRICT COURT

2011 NOV -9 P 12: 20

DISTRICT OF UTAH

BY:_____
　　DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil No. 2:11-cv-00798 |
| PLAINTIFF, | Judge Jenkins |
| v. | |
| NATIONAL STOCK TRANSFER, a Utah corporation, KAY BERENSON-GALSTER and ROGER GREER, | **JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST NATIONAL STOCK TRANSFER, INC.** |
| DEFENDANTS. | |

The Securities and Exchange Commission having filed a Complaint and Defendant National Stock Transfer, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief Against National Stock Transfer, Inc., without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act") which requires registered transfer agents to make and keep such records and to make any reports required by Section 17A(d) of the Exchange Act.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 17Ad-2, which:

    (a) requires all transfer agents to turn around within three business days of receipt at least 90 percent of all routine items received and Exchange Act Rule 17Ad-2(c)

    (b) requires a transfer agent that violates Rule 17Ad-2(a) to, within ten business days following the end of the month, file with the Commission a written notice that states, among other things,

        i. the number of routine items received during the month,

        ii. the number of routine items the transfer agent failed to turn around,

        iii. the reasons for such failure, and

        iv. the steps that have been taken or will be taken to prevent a future failure.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17f-1 of the Exchange Act, which requires that a registered transfer agent report all lost, stolen, counterfeit, missing, or recovered certificates.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17f-2(a), which requires registered transfer agents to fingerprint each of their partners, directors, officers, and employee and submit those fingerprints to the Financial Industry Regulatory Authority for identification and processing.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ac2-1(c) of the Exchange Act, which requires all transfer agents registered with the Commission to file a complete and accurate Form TA-1 in electronic format through the SEC EDGAR system.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ac2-2 of the Exchange Act, which requires all transfer agents registered with the Commission or with another regulatory authority to file an annual report on Form TA-2 in electronic format with the Commission.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-6 of the Exchange Act, which requires all transfer agents registered with the Commission to keep current a log, tally, journal, schedule or other record showing

- (a) the correct number of routine items received for transfer during each month;
- (b) the correct number of non-routine items received for transfer during each month;
- (c) the correct number of routine items received during each month which were turned around in three business days;
- (d) the correct number of routine items received during each month which were not turned around within three business days;
- (e) the correct number of non-routine items received during each month which were turned around;

    (f) the correct number of routine items which, as of the close of business on the last business day of each month had been in the transfer agent's possession for more than four business days; and

    (g) the correct number of non-routine items which at the end of each month had been in the firm's possession.

### VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-7 of the Exchange Act, which requires all transfer agents to maintain certain records relating to Exchange Act Rule 17Ad-6 (logs and other records) and records relating to Exchange Act Rule 17f-2 (fingerprinting) for a period of not less than two years or three years, respectively.

### IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-10 of the Exchange Act, which requires all transfer agents registered with the Commission to promptly and accurately post to a master securityholder file debits and credits containing minimum and appropriate certificate detail representing every security transferred, purchased, redeemed or issued.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-13 of the Exchange Act, which requires all transfer agents to file annually with the Commission an independent accountant's report concerning the transfer agent's system of internal accounting control and related procedures for the transfer of record ownership and the safeguarding of related securities and funds.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-15(c) of the Exchange Act, which requires all transfer agents registered with the Commission to establish:

(a) written standards for the acceptance of signature guarantees in connection with securities transfers from eligible guarantor institutions; and

(b) procedures, including written guidelines where appropriate, to ensure that those standards are used in determining whether to accept or reject guarantees from eligible guarantor institutions.

XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-17 of the Exchange Act, which requires all recordkeeping transfer agents whose master securityholder file includes accounts of lost securityholders to exercise reasonable care to ascertain the correct addresses of such securityholders, including conducting two database searches to attempt to locate lost security holders.

XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-19 of the Exchange Act, which requires every transfer agent involved in the handling, processing, or storage of securities certificates to establish and implement written procedures for the cancellation, storage, transportation, destruction, or other disposition of securities certificates.

XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amount of the civil penalty upon motion of the Commission. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that she did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine

7

the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

a. Properly safeguard from misuse or theft any issuer records or certificates and all shareholder personal and private information until securely transferred to a successor transfer agent or returned back to the issuer.

b. If a successor transfer agent is found that can assume all transfer agent responsibilities, arrange for the transfer records to be transmitted and/or shipped in an orderly fashion.

c. Notify the officers and/or principals of each issuer serviced by national that National will no longer be serving as the issuer's transfer agent and provide information on the successor transfer agent.

d. Notify the Depository trust & Clearing Corporation ("DTCC") that National is no longer the transfer agent of record for all issuers.

e. If no successor transfer agent is identified within 10 days of the notice, notify the officers and/or principals of each company serviced by National that National will no

longer be serving as the company's transfer agent. National shall also return all the company's corporate files, shareholder list, and all blank certificates. National shall notify DTCC that the corporate records and blank certificates have been returned to the company and/or its principals.

f. For dormant issuers serviced by National, for which no corporate officers or other authorized principals can be identified the corporate records, shareholder list, stock certificates and all related corporate files must be destroyed in accordance with Rule 17Ad-19.

g. Certify, in writing, compliance with the undertaking(s) set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission counsel may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to counsel for the Commission no later than sixty (60) days from the date of the completion of the undertakings.

XVI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: Nov. 9th, 2011
11:35 AM

_____
UNITED STATES DISTRICT JUDGE