Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
Daniel Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Tanya G. Beard (Utah State Bar No. 9106)
beardt@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-5262

FILED
U.S. DISTRICT COURT

2012 JAN 31 A 10: 16

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>NATIONAL STOCK TRANSFER, a Utah corporation, KAY BERENSON-GALSTER and ROGER GREER,<br><br>DEFENDANTS. | Civil No. 2:11-CV-00798<br><br>**DEFAULT AND FINAL JUDGMENT AGAINST ROGER GREER**<br><br>Judge Bruce S. Jenkins |

The matter before the Court is Plaintiff's Motion for Default and Final Judgment Against Roger Greer, filed September 1, 2011. Having considered the pleadings, the Court finds that the Motion should be granted, and default judgment, permanent injunctive relief, and civil penalties be entered against Greer.

Plaintiff, the Securities and Exchange Commission ("Commission") filed its Complaint on September 1, 2011. Docket #1. Greer was personally served on or before September 6, 2011.

Docket #9. An entry of default was made by the Clerk of the Court on November 4, 2011. Docket #14.

The Commission filed its Motion for Default Judgment on November 15, 2011 (Docket # 28). On November 18, 2011, the Court held a hearing regarding the Commission's Motion for Default and, in light of his retention of counsel, extended the hearing on the Commission's Motion for Default. Greer's counsel appeared at that hearing and at a hearing on November 28, 2011. In the interim, the Commission provided Greer's counsel with documents regarding a possible settlement of this matter, documents which have not been executed or returned to Commission counsel.

At the hearing on November 28, 2011, the Court set a hearing regarding the Commission's Motion for Default for January 12, 2012 (Docket # 35). The Court convened the scheduled hearing, and Commission counsel represented to the Court that the Commission has attempted to reach a resolution with Greer, but had not received any communication. Greer's counsel confirmed that he had not been able to contact his client.

Having defaulted, Greer necessarily has admitted the truth of the averments of fact pled in the Complaint. See Fed. R. Civ. P. 8(d); see e.g., United States v. Craighead, 176 F. App'x 922 (10th Cir. 2006) ("[the defendant] relieved the government of the burden of proving its factual allegations, including the allegations supporting constitutional standing, by failing to answer the complaint"); Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996). The Complaint establishes that Greer aided and abetted the securities violations of National Stock Transfer ("National"). Specifically, Greer violated Sections 17(a)(3) and 17A(d) of the Exchange Act and Rules 17Ad-2, 17f-1, 17f-2(a), 17Ac2-1(c), 17Ac-2-2, 17Ad-6, 17Ad-7, 17Ad-10, 17Ad-13, 17Ad-15(c), 17Ad-17, and 17Ad-19 thereunder.

The Commission requests relief in the form of entry of a permanent injunction and civil penalties against Greer. The mere entry of default pursuant to Rule 55(a) does not answer the question whether any particular remedy is available and appropriate. However, Section 20(b) of the Securities Act and Section 21(d)(1) of the Exchange Act grant to the Commission the authority to seek injunctive relief when it appears, upon proper showing, "that any person is engaged or is about to engage in acts or practices constituting a violation of any provision [of the Acts]." 15 U.S.C. § 77t(b); 15 U.S.C. § 78u(d)(1). Additionally, both the Securities Act and the Exchange Act provide for civil penalties to remedy violations of the federal securities laws. 15 U.S.C. §77t(d)(2); 15 U.S.C. §78u(d)(3). As set forth in the Commission's accompanying Memorandum in Support of Motion for Default and Final Judgment Against Roger Greer, both a permanent injunction and civil penalties are available and appropriate against Greer.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Commissions Motion for Default and Final Judgment Against Roger Greer is granted.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that default judgment shall enter in favor of the Commission and against Greer as to all claims for relief and causes of action.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(3) of the

Securities Exchange Act of 1934 ("Exchange Act") which requires registered transfer agents to make and keep such records and to make any reports required by Section 17A(d) of the Exchange Act.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 17Ad-2, which:

    (a)    requires all transfer agents to turn around within three business days of receipt at least 90 percent of all routine items received and Exchange Act Rule 17Ad-2(c)

    (b)    requires a transfer agent that violates Rule 17Ad-2(a) to, within ten business days following the end of the month, file with the Commission a written notice that states, among other things,

        (i.)    the number of routine items received during the month,

        (ii.)    the number of routine items the transfer agent failed to turn around,

        (iii.)    the reasons for such failure, and

        (iv.)    the steps that have been taken or will be taken to prevent a future failure.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17f-1 of the Exchange Act, which

requires that a registered transfer agent report all lost, stolen, counterfeit, missing, or recovered certificates.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17f-2(a), which requires registered transfer agents to fingerprint each of their partners, directors, officers, and employee and submit those fingerprints to the Financial Industry Regulatory Authority for identification and processing.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ac2-1(c) of the Exchange Act, which requires all transfer agents registered with the Commission to file a complete and accurate Form TA-1 in electronic format through the SEC EDGAR system.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ac2-2 of the Exchange Act, which

requires all transfer agents registered with the Commission or with another regulatory authority to file an annual report on Form TA-2 in electronic format with the Commission.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-6 of the Exchange Act, which requires all transfer agents registered with the Commission to keep current a log, tally, journal, schedule or other record showing

  (a)   the correct number of routine items received for transfer during each month;

  (b)   the correct number of non-routine items received for transfer during each month;

  (c)   the correct number of routine items received during each month which were turned around in three business days;

  (d)   the correct number of routine items received during each month which were not turned around within three business days;

  (e)   the correct number of non-routine items received during each month which were turned around;

  (f)   the correct number of routine items which, as of the close of business on the last business day of each month had been in the transfer agent's possession for more than four business days; and

  (g)   the correct number of non-routine items which at the end of each month had been in the firm's possession;

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-7 of the Exchange Act, which requires all transfer agents to maintain certain records relating to Exchange Act Rule 17Ad-6 (logs and other records) and records relating to Exchange Act Rule 17f-2 (fingerprinting) for a period of not less than two years or three years, respectively.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-10 of the Exchange Act, which requires all transfer agents registered with the Commission to promptly and accurately post to a master securityholder file debits and credits containing minimum and appropriate certificate detail representing every security transferred, purchased, redeemed or issued.

XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-13 of the Exchange Act, which requires all transfer agents to file annually with the Commission an independent accountant's report concerning the transfer agent's system of internal accounting control and related procedures for the transfer of record ownership and the safeguarding of related securities and funds.

XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-15(c) of the Exchange Act, which requires all transfer agents registered with the Commission to establish:

 (a) written standards for the acceptance of signature guarantees in connection with securities transfers from eligible guarantor institutions; and

 (b) procedures, including written guidelines where appropriate, to ensure that those standards are used in determining whether to accept or reject guarantees from eligible guarantor institutions.

XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-17 of the Exchange Act, which requires all recordkeeping transfer agents whose master securityholder file includes accounts of lost securityholders to exercise reasonable care to ascertain the correct addresses of such securityholders, including conducting two database searches to attempt to locate lost security holders.

XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Greer and Greer's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 17Ad-19 of the Exchange Act, which requires every transfer agent involved in the handling, processing, or storage of securities certificates to establish and implement written procedures for the cancellation, storage, transportation, destruction, or other disposition of securities certificates.

XVI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Greer shall pay a civil penalty in the amount of $ _____ 6 _____ pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Greer shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Greer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Greer shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## XVII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that if Greer fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

## XVIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED this __30__ day of _____, 20__.

_____
The Honorable Bruce S. Jenkins
United States District Judge